## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:18-CR-00259-MOC-DCK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| LUCAS MATTHEW HAWKINSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Defendant's pro se letter seeking relief "under the <u>Davis</u> ruling." Doc. No. 46. Though unclear, the Court will liberally construe Defendant's "letter" as a pro se motion seeking relief under <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019), a recent Supreme Court decision related to 18 U.S.C. § 924(c), Defendant's offense of conviction. As discussed below, that case provides Defendant with no relief, so his pro se motion is denied.

Pursuant to a plea agreement, Defendant pleaded guilty to Hobbs Act Robbery, violating 18 U.S.C. § 1951. <u>See</u> Doc. No. 37. He also pleaded guilty to the "distinct crime" of Brandishing a Firearm During, in Relation to, and in Furtherance of that Crime of Violence, violating 18 U.S.C. § 924(c). <u>United States v. Simms</u>, 914 F.3d 229, 233 (4th Cir.), <u>cert. denied,</u> 140 S. Ct. 304 (2019). Section 924(c) defines a "crime of violence" as "an offense that is a felony" and:

    (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. 924(c)(3). Courts refer to Subsection (A) as the "Force Clause" and Subsection (B) as the "Residual Clause." In <u>United States v. Davis</u>, The Supreme Court held that the Residual Clause of Section 924(c) is unconstitutionally vague. <u>See</u> 139 S. Ct. at 2336 (2019); <u>see also Simms</u>, 914

F.3d at 236 (same).  Therefore, to sustain a conviction under Subsection 924(c), the underlying crime must now be a "crime of violence" within the meaning provided by the Force Clause.

Both before and after <u>Davis</u>, the Fourth Circuit has held that Hobbs Act Robbery, 18 U.S.C. § 1951, is a "crime of violence" within the meaning of the Force Clause—that is, Hobbs Act Robbery includes "as an element the use, attempted use, or threated use of physical force."  <u>See United States v. Mathis</u>, 932 F.3d 242, 266 (4th Cir.), <u>cert. denied sub nom. Uhuru v. United States</u>, 140 S. Ct. 639 (2019), and <u>cert. denied sub nom. Stokes v. United States</u>, 140 S. Ct. 640 (2019); <u>see also, e.g., United States v. Whitaker</u>, 804 F. App'x 209, 210 (4th Cir. 2020); <u>United States v. Littlejohn</u>, 802 F. App'x 760, 762 (4th Cir. 2020); <u>United States v. Steward</u>, 793 F. App'x 188, 190 (4th Cir. 2019), <u>cert. denied,</u> No. 19-8043, 2020 WL 3492695 (2020).  Accordingly, Defendant is not entitled to any relief under <u>Davis</u>.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se letter requesting relief under <u>United States v. Davis</u>, Doc. No. 46, is **DENIED**.

Signed: July 22, 2020

Max O. Cogburn Jr.
United States District Judge