UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-259-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **LUCAS MATTHEW HAWKINSON,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant Lucas Matthew Hawkinson's motion

for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and Sentencing Guidelines § 1B1.13

and on his motion for a reduced sentence under Amendment 821 to the Sentencing Guidelines.

(Doc. No. 48). The Government has responded in opposition to the motion. (Doc. No. 51).

I.      BACKGROUND

During November and December of 2017, Defendant robbed four businesses in

Charlotte, North Carolina, and he attempted to rob a fifth. (Doc. No. 25 ¶¶ 9–32). During each

robbery and attempted robbery, Defendant brandished a firearm, sometimes pointing it directly at

an employee. (Id. ¶¶ 10–11, 15, 18, 22, 26). When Defendant committed these offenses, he had

previously been convicted of burglary, multiple firearm offenses, inflicting "corporal injury

spouse," and assault on a female. (Id. ¶¶ 51, 53, 55–57, 60). When he assaulted a female in 2016,

he pulled his victim's hair, punched her in the face, and threw her to the ground. (Id. ¶ 60).

A federal grand jury charged Defendant in this case with five counts of Hobbs Act

robbery, 18 U.S.C. § 1951, and five counts of brandishing a firearm during and in relation to a

-1-

crime of violence, 18 U.S.C. § 924(c). (Doc. No. 1). Defendant entered into a plea agreement with the Government, pleading guilty to one of the Hobbs Act robberies and one of the Section 924(c) firearm offenses. (Doc. No. 19 ¶ 1).

This Court's probation office submitted a presentence report and calculated a total offense level of 17 for the robbery offense. (Doc. No. 25 ¶ 48). The probation office noted that Defendant's offense conduct would ordinarily warrant a five-offense-level increase because he brandished a firearm during the robbery offense, but because Defendant pleaded guilty to a Section 924(c) offense, the probation office did not apply this increase. (Id. ¶ 40). The probation office assessed Defendant 13 criminal-history points based on his prior criminal offenses and an additional 2 criminal-history points because he committed his robbery offenses while he was on probation. (Id. ¶¶ 61–62).

The Sentencing Guidelines advised a sentence of between 51 and 63 months in prison for the robbery offense based on a total offense level of 17 and a criminal-history category of VI. (Id. ¶ 85). Defendant faced a mandatory consecutive term of 84 months in prison for the firearm offense. (Id. ¶ 84). This Court sentenced Defendant to 63 months in prison for the robbery offense and a consecutive sentence of 84 months in prison for the firearm offense, for an aggregate term of 147 months in prison. (Doc. No. 37 at 2).

In November of 2023, Defendant asked the warden of his Bureau of Prisons ("BOP") facility to grant him compassionate release, asserting that he was eligible for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 48-1 at 2). While in the BOP, Defendant has committed two disciplinary infractions. (Gov't Ex. 1). On January 26, 2024, he possessed a dangerous weapon, and in November of 2019, he committed

assault without causing serious injury. (Id.). He has completed 18 educational courses, including his GED. (Gov't Ex. 2). Defendant now asks this Court to grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A) or a sentence reduction under Amendment 821.

## II.     DISCUSSION

### A.  Defendant's Motion for Compassionate Release

Section 3582(c)(1)(A) authorizes a district court to reduce a defendant's sentence, after considering the sentencing factors described in 18 U.S.C. § 3553(a), if the court finds that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statement applicable to compassionate-release motions is Sentencing Guidelines § 1B1.13. Although the Fourth Circuit held in United States v. McCoy that § 1B1.13 was not an "applicable policy statement" limiting a district court's authority to grant compassionate release because the Sentencing Commission had not amended § 1B1.13 to incorporate changes to § 3582(c)(1)(A) made by the First Step Act, 981 F.3d 271, 282 (4th Cir. 2020), the Sentencing Commission amended Section 1B1.13, effective November 1, 2023. The amended policy statement now governs Defendant's motion for compassionate release.

Section 1B1.13, as amended, authorizes this Court to grant a defendant's motion for compassionate release if this Court finds that extraordinary and compelling reasons warrant a sentence reduction and that the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a). Section 1B1.13(b) describes five categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release: (1) medical circumstances of the defendant, (2) the age of the

-3-

defendant, (3) a defendant's family circumstances, (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury," and (5) an unusually long sentence.

Medical circumstances that a court may find to support a finding of extraordinary and compelling reasons include a terminal illness; a serious medical condition or impairment or a deterioration of physical or mental health caused by aging that "substantially diminishes the ability of the defendant to provide self-care and from which he is not expected to recover; and a medical condition requiring long-term or specialized medical care that is not being provided and that presents a risk of serious deterioration in health or death. Id. § 1B1.13(b)(1). A court may also find extraordinary and compelling reasons justifying compassionate release under this category if the defendant shows that he is housed at a correctional facility affected by an ongoing outbreak of infectious disease or public health emergency, the defendant is at increased risk of suffering severe medical complications or death as a result, and this risk cannot be adequately mitigated in a timely manner. (Id.).

A defendant's age may constitute an extraordinary and compelling reason if the defendant is at least 65 years old, is experiencing a serious and age-related deterioration in physical or mental health and has served at least 10 years or 75 percent of his term of imprisonment, whichever is less. Id. § 1B1.13(b)(2). Family circumstances may constitute an extraordinary and compelling reason upon (1) the death of incapacitation of the caregiver of the defendant's minor child or the defendant's older child who is incapable of self-care because of a medical disability or condition, or (2) the incapacitation of the defendant's spouse, partner, parent, or equivalent relation when the defendant would be the only available caregiver. Id. §

-4-

1B1.13(b)(3). A court may also find that extraordinary and compelling reasons for compassionate release exist where a defendant presents "any other circumstance or combination of circumstances that "are similar in gravity to those described" above.

Additionally, a court may find extraordinary and compelling reasons warranting compassionate release where a defendant received "an unusually long sentence" and has served at least 10 years of that sentence and a new legal development, other than a retroactive amendment to the Sentencing Guidelines, "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." Id. § 1B1.13(b)(6). A court considering whether a change in law constitutes an extraordinary and compelling circumstance must consider fully "the defendant's individualized circumstances." Id.

Defendant has not identified any extraordinary and compelling reason to grant him compassionate release. Defendant suggests that this Court should reduce his sentence because it erroneously applied a five-offense-level increase for his brandishing a firearm when he was also convicted of a Section 924(c) firearm offense for the same conduct. Defendant is mistaken, as the probation office found that the increase did not apply, and this Court adopted the presentence report, sentencing Defendant within the advisory guideline range.

Even if the Court had erred in calculating Defendant's guideline range, Defendant's claim of sentencing error is not cognizable in a motion for compassionate release. As the Fourth Circuit explained in United States v. Ferguson, "[b]ecause [18 U.S.C.] § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as a motion for compassionate release, to sidestep § 2255's requirements." 55 F.4th 262, 270 (4th Cir. 2022). Because Defendant has not

-5-

identified any extraordinary and compelling reason described in Section 1B1.13 to justify his compassionate release, this Court denies his motion.

The sentencing considerations set forth in 18 U.S.C. § 3553(a) also counsel against a discretionary sentence reduction. Defendant committed four violent robbery offenses and attempted a fifth. His criminal history includes burglary, firearm, and assault offenses, and Defendant has committed disciplinary infractions in prison, including one only a few months ago. Defendant has not shown that he no longer poses a threat to the community, and the nature and circumstances of his offense, his history and characteristics, the need to protect the public, and the need to deter Defendant and others from committing similar offenses all weigh against any discretionary sentencing relief.

### B. Defendant's Motion Brought under Amendment 821

Defendant also asks this Court to reduce his sentence under Amendment 821 to the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). Because Defendant is not eligible for Amendment 821 relief, his motion is denied.

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under Section 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release,

imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that

adds one criminal-history point for any defendant who receives 7 or more points and who

committed his offense while under any criminal-justice sentence as described above. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines §

1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district

court generally to reduce a defendant's sentence in any case in which a defendant is serving a

term of imprisonment and the guideline range applicable to the defendant "has subsequently

been lowered as a result" of a retroactively applicable amendment to the Guidelines. A defendant

is not eligible for a sentence reduction if the retroactively applicable amendment "does not have

the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

A court is limited to a reduction to the bottom of the amended guideline range, after calculating

the range that would have applied had the guideline amendment been in effect when the

defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall

substitute only" the retroactively applicable guideline amendment and "leave all other guideline

application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below

the applicable guideline range based on a motion filed by the Government for substantial

assistance, the court may reduce the defendant's sentence to a term "comparably less than the

amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's

sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

Defendant is not eligible for a reduction in his sentence. Defendant received two

criminal-history points because he committed his firearm offense while he was under a criminal-

justice sentence. Under Amendment 821, he would receive only one of those criminal-history

points because he had more than six criminal-history points related to his prior convictions. Without that criminal-history point, Defendant's total criminal-history points is reduced from 15 to 14. With 14 criminal-history points, Defendant's criminal-history category would remain category VI. See U.S.S.G. ch. 5, part A. Because application of Amendment 821 would not alter Defendant's criminal-history category, the Sentencing Guidelines would still advise a sentence of between 57 and 63 months in prison for his robbery offense based on a total offense level of 17 and a criminal-history category of VI. Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) because application of Amendment 821 does not lower his advisory guideline range.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 48), is **DENIED**.

Signed: April 4, 2024

Max O. Cogburn Jr.
United States District Judge